# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL SUEVSKY,**

    **Plaintiff,**

**v.**                                                  **Case No:   6:15-cv-342-Orl-31KRS**

**WALT DISNEY WORLD PARKS AND RESORTS,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 12) filed by the Defendant, Walt Disney World Parks and Resorts Online, Inc.[1] (henceforth, "WDWPRO"), the response in opposition (Doc. 14) filed by the Plaintiff, Michael Suevsky ("Suevsky"), and the reply (Doc. 18) filed by WDWPRO.

According to the allegations of the Amended Complaint, Suevsky is a Russian American male who practices the Jewish religion. (Doc. 2 at 1). He was employed by WDWPRO as a Staff Assurance Engineer in the Online Shared Services Technology Department. (Doc. 2 at 2). While working for WDWPRO, Suevsky alleges, he was disparaged by some of his supervisors (one of whom commented negatively about his national origin); he also alleges that he was subjected to a hostile work environment and denied promotional opportunities, eventually resulting in his resignation. (Doc. 2 at 3-4). On November 11, 2014 he filed the instant suit, asserting three claims under the Florida Civil Rights Act ("FCRA"), §§ 760.01 *et seq*., Fla. Stat.:

---

[1] The Defendant was erroneously named in the Amended Complaint (Doc. 2) as simply "Walt Disney World Parks and Resorts." (*See* Doc. 17).

harassment based on national origin and religion (Count I); constructive discharge based on national origin and religion (Count II); and failure to promote based on national origin and religion (Count III).

WDWPRO asserts that the Amended Complaint contains numerous fatal flaws, but the Court need concern itself with only one.   WDWPRO contends that the instant suit has no relevant connection to the state of Florida, and therefore the FCRA cannot apply.   A review of the Amended Complaint confirms WDWPRO's contention.   The Plaintiff never asserts that he lived or worked in Florida, or that any of the supervisors at issue did so, or that any action was ever taken in Florida that is relevant to this case.

> [U]nless the intention to have a statute operate beyond the limits of
> the state or country is clearly expressed or indicated by its language,
> purpose, subject matter, or history, no legislation is presumed to be
> intended to operate outside the territorial jurisdiction of the state or
> country enacting it. To the contrary, the presumption is that the
> statute is intended to have no extraterritorial effect but to apply only
> within the territorial jurisdiction of the state or country enacting it.
> Thus, an extraterritorial effect is not to be given statutes by
> implication.

73 Am. Jur. 2d Statutes § 243.   *See also Burns v. Rozen*, 201 So. 2d 629, 630 (Fla. 1st DCA 1967) (stating same).   The Plaintiff has not identified any section of the FCRA in which the Florida Legislature expressed an intent to have the statute operate beyond the limits of the state, and the Court's review has not uncovered any.   In the absence of, at a minimum, any assertion that any relevant activities took place in Florida or that any of the relevant actors resided there, the Amended Complaint therefore fails to state a claim under the FCRA.   Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 12) is **GRANTED**, and the Amended Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE.**  If the Plaintiff wishes to file an amended pleading, he may do so on or before July 15, 2015.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 2, 2015.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party