# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL SUEVSKY,**

      **Plaintiff,**

**v.**                                                                                 **Case No:   6:15-cv-342-Orl-31KRS**

**WALT DISNEY WORLD PARKS AND RESORTS,**

      **Defendant.**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ADDITIONAL SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. No. 30)**
>
> **FILED:**   **January 25, 2016**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

By order dated January 7, 2016, I required Plaintiff to serve, on or before January 22, 2016, supplemental sworn answers to interrogatories 2 and 3 and to produce, on or before January 22, 2016, documents responsive to requests for production 3, 4, 5 and 13.  Doc. No. 28.  Plaintiff did not comply with this order.

Plaintiff first provided sworn answers to the interrogatories on February 17, 2016. Interrogatory 3 requested, in part, that Plaintiff identify all medical and psychological treatment providers that Plaintiff consulted in connection with any damages or injuries he contends he suffered

- 2 -

as a result of the events alleged in the complaint. Counsel for Defendant persuasively argues that it needs a complete and truthful answer to interrogatory 3 because when Plaintiff resigned from Defendant's employment, he wrote: "The reason behind me asking for time off is in fact based on the recommendation from my physician." Doc. No. 42-3, at 1 (the "Resignation Document").

Plaintiff's initial response to interrogatory 3 was "None." Doc. No. 27, at 6. In a supplemental answer, Plaintiff identified Dr. Stephen Rittenberg. Counsel for Defendant contacted Dr. Rittenberg's office and learned that Dr. Rittenberg had no information that Plaintiff had been seen or treated at his office. Doc. No. 42, at 5. During the continuation of his deposition, Plaintiff had no explanation why Dr. Rittenberg's office did not have any record of him, but he refused to rule out Dr. Rittenberg as the physician who recommended he take time off from work. *Id.*

Plaintiff also identified "Marc Anthony," a chiropractor, with no address or contact information. Doc. No. 42, at 2. During the hearing on the motion, counsel for Plaintiff stated that Plaintiff treated with Anthony Safaeian, D.C. at the Marc Anthony clinic. I required Plaintiff to obtain the records of treatment with Dr. Safaeian and produce them to counsel for Defendant before the continuation of Plaintiff's deposition on March 2, 2016, Doc. No. 40, which order Plaintiff complied with. In a supplement to the motion, counsel for Defendant states that Plaintiff's treatment with Dr. Safaeian related to an automobile collision rather than injuries or emotional distress damages arising from his alleged constructive discharge by Defendant, and that Plaintiff agrees this treatment was unrelated to anything that occurred while employed by Defendant. Doc. No. 42, at 3.

Plaintiff has been given ample opportunity to identify the physician who allegedly recommended that he take time off work, but he has not done so. There is no reason to believe that Plaintiff will be more forthcoming if the discovery period is extended to allow him to produce

additional responsive information and documents. In the supplement to the motion, counsel for Defendant represents that Plaintiff testified at the continuation of his deposition that Dr. Safaeian was a social acquaintance of Plaintiff for more than seven years, yet he did not provide Dr. Safaeian's name until February 29, 2016.   Doc. No. 42, at 2 n. 2, 4.   Counsel for Defendant also represents that at the continuation of his deposition, Plaintiff testified that he located documents responsive to the requests for production but he threw away some responsive paper documents and deleted some responsive electronically stored documents. *Id.* at 6-7.

Accordingly, Plaintiff's motion requesting sanctions is well taken regarding interrogatory 3. Nevertheless, the sanction of dismissal requested by Defendant should be "sparingly used and only in situations where its deterrent value cannot be substantially achieved by use of less drastic sanctions."   *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980). Federal Rule of Civil Procedure 37(b)(2)(A) provides a range of lesser sanctions, including prohibiting the disobedient party from introducing designated matters into evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii).   Having failed on multiple opportunities to identify any treating physician, psychologist or other health care professional who recommended that Plaintiff take time off from work, it is **ORDERED** that Plaintiff is **PROHIBITED** from offering any evidence in this case, including his own testimony and the Resignation Document, that a medical doctor, chiropractor, psychologist or other health care professional recommended that he take time off from work.   It is further **ORDERED** that Plaintiff may not offer any evidence in this case from any medical doctor, chiropractor, psychologist or other health care professional in support of his claim for emotional distress damages.

Because Plaintiff has obstructed Defendant's efforts to complete discovery, it is further **ORDERED** that the discovery deadline is extended only for Defendant to March 18, 2016.

- 4 -

Defendant is cautioned, however, that the dispositive motion deadline of April 8, 2016 is not extended.

Defendant's request for an award of the reasonable expenses, including attorneys' fees, it incurred in filing this motion is also well taken. It is **ORDERED** that counsel for the parties shall confer in a good faith effort to resolve the amount of reasonable expenses, including attorneys' fees, incurred in filing this motion, including attendance at the hearing. If counsel are unable to reach agreement, then before March 18, 2016, counsel for Defendant shall file a motion for assessment of the reasonable expenses supported by evidence of reasonable hourly rates and reasonable number of hours spent on this matter and evidence of any actual costs incurred.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE